# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

AARON WEBB,

    Plaintiff,

v.

WARDEN MARTY ALLEN,

    Defendant.

CIVIL ACTION NO.: 6:18-cv-57

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Augusta State Medical Prison in Grovetown, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

In his Complaint, Plaintiff asserts he arrived at Georgia State Prison in April 2017 and was forced to lie on a bed in feces and deprived nursing care. Doc. 1 at 7. Plaintiff also asserts the prison is not compliant with the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* Id. Plaintiff seeks a transfer to Augusta State Medical Prison and monetary damages. Id. at 8.[1]

Plaintiff asserts he filed a formal grievance with the prison related to his allegations and that his grievance was denied. Id. at 5. He further states he appealed the denial to the highest

---

[1] Plaintiff was subsequently transferred to Augusta State Medical Prison, where he remains incarcerated as of the date of this Order and Report and Recommendation. Doc. 17.

possible level, and that his appeal was denied. Id. at 6. In a later filing, Plaintiff attaches a copy of the grievance form he filed and a copy of the Warden's grievance response. Doc. 14-1. Plaintiff's grievance form is dated May 7, 2018, and the Warden's response form is dated June 28, 2018. Id. Plaintiff signed his Complaint on May 11, 2018, doc. 1 at 8, four days after filing his grievance and more than a month before the Warden responded to his grievance.

## DISCUSSION

### I. Exhaustion

#### A. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Exhaustion is a mandatory requirement, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones, 549 U.S. at 216; Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. "A district court may dismiss an action sua sponte, however, if an affirmative defense— including failure to exhaust—appears on the face of the complaint." Booth v. Allen, 758 F. App'x 899, 901 (11th Cir. 2019) (citations omitted).

**B.     Georgia Department of Corrections' Grievance Procedures**

The Georgia Department of Corrections' general grievance policies are set out in Standard Operating Procedure ("SOP") IIB05-0001. Whatley I, 802 F.3d at 1208. SOP IIB05-0001 contains the policy for general grievances, including grievances for excessive force and retaliation. See Whatley v. Smith (Whatley II), 898 F.3d 1072, 1074 (11th Cir. 2018) ("To exhaust administrative remedies under the Georgia Department of Corrections Standard Operating Procedures ("SOP"), inmates must follow the . . . prison grievance process outlined in SOP IIB05-0001."). Under SOP IIB05-0001, inmates may "file a grievance about any condition, policy, procedure, or action or lack thereof" which "affects the offender personally" and which is not explicitly listed in the SOP as a "non-grievable issue."

Under SOP IIB05-0001, inmates must file grievances within 10 days of becoming aware of the facts from which the grievance arises. Whatley II, 898 F.3d at 1075; Shaw v. Toole, No. 6:14-CV-48, 2015 WL 4529817, at *5 (S.D. Ga. July 27, 2015). The grievance is screened by a Grievance Counselor, who determines whether to accept the grievance for processing. Shaw, 2015 WL 4529817, at *5. If the grievance is accepted for processing, the warden has 40 days to review the grievance and determine whether to grant or deny it. Id. If a grievance goes unanswered, the inmate may appeal the non-response after the warden's time to answer expires.

Id. ("An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or when the time allowed for the warden's decision has expired."); see also, Whatley I, 802 F.3d at 1208 ("If the warden does not respond within forty days . . . the prisoner may appeal[.]").

### C. Plaintiff's Efforts at Exhaustion

Plaintiff's filings reveal on their face his failure to exhaust his administrative remedies, and therefore, merit dismissal of his Complaint. Booth, 758 F. App'x at 901. Plaintiff filed his Complaint a mere four days after filing his initial grievance and well in advance of the Warden's response to his grievance. In other words, rather than exhausting his remedies as required, Plaintiff filed a grievance and then almost immediately filed a suit in federal court raising the exact allegations.

Plaintiff's suit should be dismissed. The PLRA requires exhaustion of administrative remedies before filing suit. 42 U.S.C. § 1997e(c)(1). Plaintiff failed to exhaust his administrative remedies.[2] Furthermore, Plaintiff cannot show administrative remedies were unavailable to him, as the Warden partially granted Plaintiff's grievance.

Ultimately, the Warden's response to Plaintiff's grievance was to "partially grant" Plaintiff's grievance, concluding that Plaintiff needed to "re-evaluated by medical" before any change in housing could be ordered. Doc. 14-1. This case highlights the need for inmate-plaintiffs to exhaust the administrative remedies process before filing suit. The Warden in this

---

[2] The fact Plaintiff had not received a response to his initial grievance at the time he filed his Complaint also suggests he has not appealed the Warden's decision, as he is required to do, and certainly had not done so at the time he filed his Complaint.

4

case was considering Plaintiff's grievance and was in the process of addressing his complaints when Plaintiff prematurely initiated this lawsuit.

For the reasons set forth above, I **RECOMMEND** that Plaintiff's Complaint be **DISMISSED without prejudice** for failing to exhaust his available administrative remedies.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3]  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.   Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this context must be judged by an objective standard.   Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).   A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.   See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.   Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."   Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3]     A certificate of appealability is not required in this § 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA